## GEE v. THE ALABAMA LIFE INSURANCE AND TRUST CO.

1. The Alabama Life Insurance and Trust Co., has authority under its charter, to purchase a bill of exchange.
2. *Mandamus* is the proper remedy to revise the action of an inferior court, in quashing, or refusing to quash, an ancillary attachment.

Writ of Error to the County Court of Wilcox.

THE defendant in error, sued the plaintiff, as drawer of a bill of exchange for $10,000. After the writ was issued, the

plaintiff sued out an ancillary attachment, which being lev-
ied, and returned, the plaintiff in error filed a plea in abate-
ment to this process, to which plea the defendant in error
demurred, and the demurrer was sustained.

On the trial, the testimony of N. J. Tisdale was intro-
duced, which shows, that the bill described in the declara-
tion, was made for the purpose of obtaining a loan of money
from the company, and that the company received the bill of
the Gees, and gave them the money for it.

On this proof, the defendant below requested the court to
charge the jury, that if they believed that the bill was not
negotiated to the company, for the purpose of enabling the
company to transmit its funds to meet its engagements en-
tered into by the company, in the prosecution of its lawful
business, but was a direct loan of money to the Gees, and
was drawn and negotiated for that purpose, that the plaintiff
could not recover on the bill.    This charge the court refused,
and the defendant excepted.

The errors here assigned are—

1. The sustaining the demurrer to the plea in abatement.
2. The refusal to give the charge requested.

GEE, for the plaintiff in error, contended, that corporations
have only those powers, and capacities, conferred by their
charter, and such as are necessary to a full enjoyment and
exercise of those powers expressly given, but no other. And
that contracts entered into by a corporation, are void, unless
they have the capacity to make them, by the terms of their
charter.   Smith v. Ala. Life Insurance and Trust Co. 4 Ala,
Rep. 558; Angell & Ames on Corp. 200.

BETHEA & BECK, contra.

DARGAN, J.—The principle relied on by the counsel for
the plaintiff, that corporations can do no acts, nor enter into
any contracts, unless enabled to do so by their charters, need
not be denied.   Admitting this to be the law, we need only
examine the charter of the Alabama Life Insurance and Trust
Company, and we will see that by the terms of the charter,
the company can lend money, and take a bill of exchange as

a security for its payment. By the 18th section of the charter, the trustees of said company have the power to invest the premiums and profits received by the company, and also the money received by them in trust, in government, or public stock of the United States, or of any State, or in the stock of any incorporated city, or in such real, or personal securities, as they may deem proper ; and by an act amending the charter, passed in December, 1836, the company are authorized to invest and employ one half of their capital stock, in the same manner that they were authorized to employ their premiums, profits, and money received on trust.

Here is an express grant of power, to invest money in personal securities, within the meaning of which, bills of exchange are embraced. This grant of power is not limited or restricted by the charter to any particular species of personal security, to the exclusion of others.

We cannot review the action of the court below on an ancillary attachment, by a writ of .error. *Mandamus* is the proper remedy to revise the action of the court below, either in quashing, or refusing to quash an ancillary attachment. See Henderson v. Daily, decided at this term.

The judgment of the county court is affirmed.